```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,            )        4:08CR3061
                                 )
      v.                         )
                                 )
RETHA HUDKINS,                   )        REPORT, RECOMMENDATION
                                 )            AND ORDER
            Defendant.            )
                                 )
```

Defendant Retha Hudkins is charged with using her position as office manager for South Lincoln Medical Group, P.C. to fraudulently obtain loan proceeds from a federally insured financial institution in violation of 18 U.S.C. § 1029(a)(5). She is further charged with seventeen counts of unauthorized use of the medical group's American Express Credit Card to pay her personal expenses and the expenses of others in violation of 18 U.S.C. § 1343.

The defendant previously filed a "motion for additional discovery or, in the alternative, motion to suppress and request for hearing," (filing no. 20), seeking an order requiring Roger Cox, counsel for South Lincoln Medical Group, P.C., to allow the defendant to inspect all documents prepared, and all electronic files and computer or storage devices used to prepare a statement provided to Mr. Cox by the defendant. The defendant's motion further requested the right to depose Roger Cox regarding the defendant's statement and his potential role as a surrogate for law enforcement in obtaining this statement. Filing No. 20, ¶ 5. The undersigned denied defendant's motion, (filing no. 45), and the defendant appealed. Filing No. 47. Judge Kopf denied the appeal, except as provided below:

> That part of the motion asserting a motion to suppress the statements and testimony of Roger Cox is referred to Magistrate Judge Piester for consideration. Judge Piester may require the filing of a separate motion to suppress supported by a brief. Judge Piester may also establish such other procedures as he thinks necessary to deal with the motion to suppress. This order does not require the holding of an evidentiary hearing unless an evidentiary hearing is necessary to resolve a properly supported motion to suppress.

Filing No. 48, ¶ 2(A).

In accordance with Judge Kopf's order, the defendant was given until December 1, 2008 "to file a clear motion setting forth the basis or bases upon which she claims that the 'statement and any testimony' [of Roger Cox] should be suppressed." Filing No. 49. The court ordered:

> Such motion shall set forth with specificity the factual basis supporting the motion, and shall be supported by a brief explaining the legal basis and authority for suppression of each statement or subject of testimony that defendant claims should be suppressed.

Filing No. 49, order ¶ 1.

The defendant filed a motion to suppress. Filing No. 52. In support of the motion, the defendant argued that "the evidence establishes that Roger Cox was acting as an agent of the Lincoln Police department in conducting [defendant's] interview, [and therefore] the Government's use of [defendant's] statement, or any information obtained as a result thereof, should be excluded." Filing No. 53, p. 3. The defendant claims Mr. Cox coerced her to provide a statement to law enforcement through deception. Specifically, the defendant claims Mr. Cox, acting on behalf of law enforcement, "failed to materially represent the true nature of his inquiry," coaxed the defendant to provide a

statement, and thereby obtained incriminating information in violation of defendant's due process rights.  Filing No. 53, p. 6.

Although the court set an evidentiary hearing, it reserves the right to review the evidence and consider the defendant's arguments before conducting such a hearing.  In preparation for the scheduled hearing, the defendant has now submitted a copy of the interview notes prepared by Mr. Cox, along with the investigative reports of law enforcement officers regarding this case.  Affording all inferences in favor of the defendant, the defendant is not entitled to an evidentiary hearing.

The defendant has argued that her statement to Mr. Cox must be suppressed under the due process clause of the Fifth Amendment.  However, Mr. Cox's interview occurred over the telephone, with Mr. Cox placing the call, and the defendant answering his questions while she remained in her own home.  The defendant does not claim she was threatened or promised anything in exchange for her statement.  Even if the court assumes Mr. Cox was acting as an undercover law enforcement officer, the defendant had not been arrested, was clearly not in custody, and her right to assistance of counsel had not attached when the interview with Mr. Cox occurred.  See e.g., Maine v. Moulton, 474 U.S. 159, 168 (1985)(holding the government may not use an undercover agent to circumvent the Sixth Amendment right to counsel once a suspect has been charged with the crime).

The defendant states that Mr. Cox deceived her by failing to disclose that he was acting on behalf of the police.  She has not, however, argued that Mr. Cox promised her anything or threatened her to obtain a statement, that she was the victim of

entrapment, or that Mr. Cox' conduct or manner during questioning was outrageous or shocked the conscience. Even if the court assumes, as the defendant suggests, that the evidence will prove Mr. Cox was acting on behalf of law enforcement when he questioned the defendant, such undercover police work is rarely considered so outrageous that suppression of the evidence obtained, or dismissal of the case, is warranted. Gunderson v. Schlueter, 904 F.2d 407, 410-11 (8th Cir. 1990)(string-citing cases and stating "[t]his court has never held law enforcement undercover conduct to have reached that level of outrageousness.") "Where the suspect does not know that [s]he is speaking to a government agent there is no reason to assume the possibility that the suspect might feel coerced." Illinois v. Perkins, 496 U.S. 292, 296 (1990)(holding "[t]he use of undercover agents is a recognized law enforcement technique," and "undercover agents need not give Miranda warnings to incarcerated suspects."). "[I]nvestigative officers and agents may go a long way in concert with the individual in question without being deemed to have acted so outrageously as to violate due process." U.S. v. Quinn, 543 F.2d 640, 648 (8th Cir. 1976).

The defendant has presented no evidence or argument to support a claim that her due process rights were violated. The previously set evidentiary hearing will be cancelled.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that the motion to suppress, (filing no. 52), be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

      IT IS FURTHER ORDERED:  The evidentiary hearing on defendant's motion to suppress, (filing no. 52), is cancelled.

      DATED this 13th day of January, 2009.

                          BY THE COURT:

                          s/ *David L. Piester*
                          David L. Piester
                          United States Magistrate Judge