IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3061 |
| | ) | |
| v. | ) | |
| | ) | |
| RETHA HUDKINS, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

      I have carefully considered the evidence and the arguments of the parties. I now rule upon the question of "loss" and "restitution." That is,

      1.    I find and conclude that the "loss" for Guidelines purposes was approximately $200,000. In particular, I find and conclude that the the specific offense level increase of 10 points in the presentence report was correct. I, therefore, overrule the defendant's objection. In this regard, the Guidelines state that "[t]he court need only make a reasonable estimate of loss" and the Guidelines further state that the court is obligated to credit against such loss "the fair market value" of the "money returned ... and the services rendered, by the defendant." U.S.S.G. § 2B1.1(b)(1) and application note 3(C)&(D). I have applied these, and other pertinent, sections of the Guidelines when making this decision.

      2.    Setting to one side the fraudulent bank loans, and noting the massive amount of highly conflicting evidence presented to me, I find and conclude that it is not possible in these proceeding to accurately determine the proper amount of restitution owed to the medical practice or any of its doctors. In other words, and without intending to be critical of the prosecutor, the government has not met its burden of proof as to the quantum of restitution. Accordingly, the objections of the defendant to restitution in favor of the medical practice and the doctors is sustained. However, because the defendant probably owes some unknown amount of restitution to the doctors and the medical practice, but I cannot accurately determine that amount on this record, my decision should not be

understood to preclude the medical practice and the doctors from seeking further redress in state civil legal proceedings. In short, for the medical practice and the doctors, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any such victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3. Finally, I find and conclude that TierOne Bank was an entirely innocent victim of the defendant and actually suffered loss equal to the loan balances at the time the fraud was discovered. Therefore, the defendant's objection to restitution in favor of the bank is overruled. In this regard, I observe that the medical practice and the doctors were not held liable to the bank because the signatures on the loan documents were fraudulent. I therefore find and conclude that restitution to Tier One Bank is appropriate in the sum's of $211,501.22 as more particularly detailed below:

| Loans as of 3/01/07 | P& I | Bank |
| --- | --- | --- |
| 01-040176636 | 72,895.41<br>339.51 | TierOne Bank<br>1235 N. Street<br>Box 83009<br>Lincoln NE    68508-2083 |
| 01-40211814 | 79,570.06<br>261.60 | Same |
| 01-44007869 | 59,035.75<br>882.70 | Same |
| Total | 211,501.22 | |

IT IS SO ORDERED.

DATED this 19th day of November, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge